
UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CHAD JOHN WILSON, an individual, and JOHN J. MIDMORE, an individual, | ) ) ) | CIV. 08-5022-RHB |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| UNITED STATES OF AMERICA; MARTY J. JACKLEY, in his official capacity as United States Attorney; UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION; FEDERAL BUREAU OF INVESTIGATION, IDENTIFICATION AND INVESTIGATION SERVICES SECTION; FEDERAL BUREAU OF INVESTIGATION, CRIMINAL JUSTICE INFORMATION SERVICES DIVISION; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, DEPARTMENT OF HOMELAND SECURITY; UNITED STATES MARSHAL'S SERVICE; TAMSIN HARRINGTON, in his official capacity with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives; GREG MITCHELL, in his official capacity as senior attorney for the United States Department of Justice, Drug Enforcement Administration; DAVID SAMMONDS, in his official capacity as office of the general counsel of the Federal Bureau of Investigation; KIMBERLY J. DEL GRECO, in her official capacity as Section Chief of the Federal Bureau of Investigation Identification and Investigative Services Section and the Criminal Justice | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |

| Information Services Division; ROBERT | ) |
| MANDEL, in his official capacity as the | ) |
| United States Attorney for the Western | ) |
| District of South Dakota; STEPHEN L. | ) |
| MURPHY, in his official capacity as the | ) |
| United States Attorney for the Eastern | ) |
| District of Michigan; MICHAEL J. | ) |
| SULLIVAN, in his official capacity as | ) |
| the United States Attorney for the District | ) |
| of Massachusetts; THUYLIEU T. | ) |
| KAZAZIAN, in her official capacity as | ) |
| Office of the Principle Legal Advisor for | ) |
| United States Immigration and Customs | ) |
| Enforcement, Department of Homeland | ) |
| Security; CEDRIC D. BULLOCK, in his | ) |
| official capacity as Associate General | ) |
| Counsel for the United States Department | ) |
| of Justice, United States Marshal's Service, | ) |
|  | ) |
| Defendants. | ) |

Plaintiffs commenced this action seeking judicial review of defendants' refusal to release documents requested by plaintiffs under the Freedom of Information Act (FOIA). Defendants move for summary judgment.

## NATURE AND PROCEDURE OF THE CASE

Plaintiffs are facing charges in South Dakota state court that they conspired to commit murder, aided and abetted attempted first degree murder, and commission of a felony with a firearm. The state indictment in the matter alleges that both plaintiffs were associated with the Hells Angels Motorcycle Club in August of 2006 and participated in the shooting of five members of the Outlaw Motorcycle Club. Plaintiffs have pleaded not guilty to the indictment

and are preparing for trial.[1] It is the intention of plaintiffs to show that they were acting in self-defense. In preparation for the trial, plaintiffs have requested the following information.

From the United States Marshal's Service:

1. Copies of any and all intelligence reports, investigative reports, memos, photographs, video recordings and audio recordings in the possession of the United States Marshal's Service which are the result and residue of surveillance conducted on members of the Outlaws Motorcycle Club and/or members of the Hells Angels Motorcycle Club in the States of Wyoming and South Dakota during the months of July and August 2006. This includes, but is not limited to, all such items that were obtained as a result of "Operation Rolling Thunder".

2. Copies of any and all intelligence reports, memos, photographs, video recordings and audio recordings made during the past twelve (12) years in the possession of the United States Marshal's Service that relate to attacks or the possibility of attacks, by members of the Outlaws Motorcycle Club against members of the Hells Angels Motorcycle Club.

From the United States Attorney's Office for the District of South Dakota:

1. Copies of any and all documents seized as a result of the stop of Outlaws Motorcycle Club members Clyde White, Clay Giselback, Stephen Gretka, Dayle Napier and Marie Ann Napier on August 12, 2006 in South Dakota. [U.S. v. Napier, et al. Case No.: 07-50016-RHB].

From the United States Attorney's Office for the Eastern District of Wisconsin:

1. Copies of any and all tape recordings made as a part of, or introduced into evidence in United States v. O'Neill, et al, Case No.: 97-CR-00098-JPS.

2. Copies of any and all photographs of the blown up and/or burned or otherwise destroyed Hells Henchmen clubhouse, which were used in the investigation and/or trial of the O'Neill case.

From the Federal Bureau of Investigation, Justice Information Services:

---

[1] Though not indicated in the record, it is the Court's understanding that since the filing of this motion, the jury trial has been held and that plaintiffs were acquitted.

3

1. Copies of the criminal histories . . . as contained in the National Crime Information Center (NCIC) database [for 12 individuals].

2. Copies of any and all intelligence reports, investigative reports, memos, photographs, video recordings and audio recordings in the possession of the FBI which are the result and residue of surveillance conducted on members of the Outlaws Motorcycle Club and/or members of the Hells Angels Motorcycle Club in the States of Wyoming and South Dakota during the months of July and August 2006. This includes, but is not limited to, all such items that were obtained as a result of "Operation Rolling Thunder".

3. Copies of any and all intelligence reports, memos, photographs, video recordings and audio recordings made during the past twelve (12) years in the possession of the FBI that relate to attacks, or possibility of attacks, by members of the Outlaws Motorcycle Club against members of the Hells Angels Motorcycle Club.

From the United States Bureau of Alcohol, Tobacco, Firearms and Explosives:

1. Copies of any and all intelligence reports, investigative reports, memos, photographs, video recordings and audio recordings in thep ossession of the ATF which are the result and residue of surveillance conducted on members of the Outlaws Motorcycle Club and/or members of the Hells Angels Motorcycle Club in the States of Wyoming and South Dakota during the months of July and August 2006. This includes, but is not limited to, all such items that were obtained as a result of "Operation Rolling Thunder".

2. Copies of any and all intelligence reports, memos, photographs, video recordings and audio recordings made during the past twelve (12) years in the possession of the ATF that relate to attacks, or the possibility of attacks, by members of the Outlaws Motorcycle Club against members of the Hells Angels Motorcycle Club.

3. Ownership history on a .45 caliber Glock model 30 pistol whose serial number is EVP273.

4. Ownership history on a .40 caliber Smith and Wesson pistol whose serial number is PA24863.

5. List and any and all firearms registered to [12 individuals].

From the United States Department of Homeland Security:

1. Copies of any and all intelligence reports, investigative reports, memos, photographs, video recordings and audio recordings in the possession of the Department of Homeland Security which are the result and residue of surveillance conducted on members of the Outlaws Motorcycle Club and/or members of the Hells Angels Motorcycle Club in the States of Wyoming and South Dakota during the months of July and August 2006. This includes, but is not limited to, all such items that were obtained as a result of "Operation Rolling Thunder".

From the United States Drug Enforcement Agency:

1. Copies of any and all intelligence reports, investigative reports, memos, photographs, video recordings and audio recordings in the possession of the DEA which are the result and residue of surveillance conducted on members of the Outlaws Motorcycle Club and/or members of the Hells Angels Motorcycle Club in the States of Wyoming and South Dakota during the months of July and August 2006. This includes, but is not limited to, all such items that were obtained as a result of "Operation Rolling Thunder".

2. Copies of any and all intelligence reports, memos, photographs, video recordings and audio recordings made during the past twelve (12) years in the possession of the DEA that relate to attacks, or the possibility of attacks, by members of the Outlaws Motorcycle Club against members of the Hells Angels Motorcycle Club.

From All Agencies:

1. Copies of any and all Complaints, Indictments and all evidence in support thereof, search warrants, affidavits from search warrants and returns, FBI 302's, DEA6's, Jenks material, recordings in possession of the United States Marshal's Service, Drug Enforcement Administration, Federal Bureau of Investigations, US Immigration and Customs Enforcement, U.S. Department of Homeland Security, U.S. Bureau of Alcohol, Tobacco, Firearms & Explosives, Federal Bureau of Investigation Identification and Investigation Services Section, The National Gang Targeting Enforcement and Coordination Center, and the National Gang Intelligence Center which are the result and residue of surveillance conducted on members of the Outlaws Motorcycle Club and or/ members of the Hells Angels Motorcycle

Club that were obtained as a result of "Operation Roadkill," "Operation End Game," "Operation Broken Spoke," and "Operation Detroit Mugger."

Complaint, Exhibit 20.

Plaintiffs contend that the information requested from defendant agencies is necessary to prove that they were aware of the potential danger presented by the Outlaws and that defendants' refusal of their request is arbitrary and capricious and in violation of their constitutional rights. Defendants now move for summary judgment.

## JURISDICTION

The Court has jurisdiction over this action pursuant to the Administrative Procedures Act (APA) [found at 5 U.S.C. § 701 et seq.] and 28 U.S.C. § 1331. As a result, the APA controls the standard of review.

## STANDARD OF REVIEW

Title 5 of the United States Code, section 706 sets forth the scope of review that governs the Court. It states in pertinent part that "[t]he reviewing court shall . . . (2) hold unlawful and set aside agency action, findings, and conclusions found to be - (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." The Eighth Circuit has held that "[t]he proper standard of review is whether the agency actions are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Bradley v. Bureau of Alcohol, Tobacco, and Firearms, 736 F.2d 1239, 1240 (8th Cir. 1984) (quoting 5 U.S.C. § 706(2)(A)). An "'[a]dministrative action may be regarded as arbitrary and capricious only where it is not

6

supportable on any rational basis.'" Bradley, 736 F.2d at 1240 (quoting Carlisle Paper Box Co. v. N.L.R.B., 398 F. 2d 1, 6 (3rd Cir. 1968)).

## DISCUSSION

The Freedom of Information Act (FOIA) "'seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands.'" Miller v. United States Dep't of Agriculture, 13 F.3d 260, 262 (8th Cir. 1993) (quoting EPA v. Mink, 410 U.S. 73, 80, 93 S. Ct. 1592, 1599, 48 L. Ed. 2d 11 (1976)). Certain exemptions from disclosure are also set forth within FOIA. Additionally, pursuant to 5 U.S.C. § 301, federal agencies may promulgate regulations which set forth the procedure for disclosing information. See generally, United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S. Ct. 416, 95 L. Ed. 417 (1951). In this matter, plaintiffs requested information from a plethora of agencies. The Court shall discuss each agency individually.

1.  **United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)**

Plaintiffs presented a written request for the release of information with the ATF on October 25, 2007. Complaint, Docket #1-23, p. 2. As of the date of this Order, there is nothing in the record which indicates that the ATF has responded to plaintiffs' request. As a result, plaintiffs have named both the agency and Tamsin Harrington, in her official capacity with the ATF, as defendants.

Title 5 of the United States Code, section 552(a)(4)(B) provides that "[o]n complaint, the district court of the United States in the district which the complainant resides, or has his

principal place of business, or in which the agency records are situated. . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." Under FOIA, agencies are required to respond to a request for information within 20 days. "Each agency upon any request for records . . .shall . . . determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the rights of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. §552(a)(6)(A)(i). The statute further provides that "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § (a)(6)(C)(i).

In the instant case, plaintiffs presented their written request on October 25, 2007. More than 20 days has lapsed since the presentation of the request. As a result, the Court finds that plaintiffs have exhausted their administrative remedies and that this claim is ripe for judicial review.

Plaintiffs seek the disclosure of investigative reports and recordings as well as information as to the ownership of certain firearms and firearms possessed by certain individuals. Title 5 of the United States Code, section 552(b) provides, in pertinent part, as follows: